# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 07-210 (JRT/AJB) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER DENYING 28 U.S.C. § 2255 MOTION** |
| SERGIU DANIEL POPA, | |
| Defendant. | |

Nicole A. Engisch, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 Fourth Street South, Minneapolis, MN 55415, for plaintiff.

Sergiu Daniel Popa, Reg. No. 13992-041, Federal Correctional Complex United States Penitentiary Coleman I, P.O. Box 1033, Coleman, FL 33521, *pro se*.

Sergiu Daniel Popa pled guilty to aggravated identity theft and is currently serving a 102-month sentence. Popa moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Popa argues that the Court's application of a two-level enhancement for obstruction of justice when calculating his sentence using the United States Sentencing Guidelines was unconstitutional. Popa contends that, because the Court did not submit the obstruction-of-justice issue to a jury, the Court's sentencing guideline calculation violated his constitutional rights under *Alleyne v. United States*, 133 S. Ct. 2151 (2013). The Court will deny Popa's motion because it is time-barred and

because, even if Popa's motion was timely filed, *Alleyne* is inapplicable to the Court's sentencing guideline calculation.

## BACKGROUND

On October 6, 2008, Popa pled guilty to aggravated identity theft in violation of 18 U.S.C. §§ 1028A(a)(1) and (c)(4) and possession of fifteen or more unauthorized access devices, in violation of 18 U.S.C. §§ 1029(a)(3) and (c)(1)(A)(i). The Plea Agreement contemplated a 24-month mandatory minimum sentence for aggravated identity theft and a consecutive Guideline sentence of 57 to 71 months for possession of unauthorized access devices, for a total imprisonment range of 81 to 95 months. (Plea Agreement ¶ 6.I, Oct. 6, 2008, Docket No. 31.) In the Plea Agreement, the parties agreed to a total offense level for possession of unauthorized access devices of 29 prior to a six-level downward departure because the parties agreed that the offense level substantially overstated the seriousness of the offense. (*Id.* at ¶ 6.C, 6.D, 6.G.) The parties specifically acknowledged that their sentencing stipulations were not binding on the Court. (*Id.* at ¶ 6.)

On May 26, 2009, the Court sentenced Popa to 102 months of imprisonment.[1] (Second Am. Sentencing J., June 29, 2009, Docket No. 37.) In calculating Popa's sentence for possession of unauthorized access devices, the Court applied a two-level enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1, resulting in a total

---

[1] The Court sentenced Popa to a Guideline sentence of 78 months for possession of unauthorized access devices and a mandatory consecutive 24-month sentence for aggravated identity theft.

offense level of 31. This obstruction of justice enhancement was not contemplated by the parties or reflected in the Plea Agreement. (Plea Agreement ¶ 6.) Final judgment was entered on June 1, 2009 (Sentencing J., June 1, 2009, Docket No. 35) and subsequently amended (Am. Sentencing J., June 2, 2009, Docket No. 36; Second Am. Sentencing J.).[2] Popa did not file a direct appeal of his sentence.

## DISCUSSION

Popa now moves to vacate his sentence arguing that the Court's application of a two-level enhancement for obstruction of justice violated his constitutional rights under the Supreme Court's recent decision in *Alleyne*. In *Alleyne*, the Supreme Court held that "facts that increase mandatory minimum sentences must be submitted to the jury . . . ." *Alleyne*, 113 S. Ct. at 2163. Popa argues that the Court must vacate his sentence because he did not admit to, nor did a jury find him guilty of, obstruction of justice. Popa's claim is barred by the applicable statute of limitations. Even if the Court were to consider the merits, it would deny the motion because *Alleyne* is inapplicable to the Court's sentencing guideline calculations.

**I.  STATUTE OF LIMITATIONS**

A prisoner may file a motion to vacate, set aside, or correct a sentence imposed by a federal district court if "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such

---

[2] The amended sentencing judgments corrected a clerical error and recommended that the Bureau of Prisons consider Popa for the treaty transfer program; they did not alter the length of imprisonment. (Am. Sentencing J. at 1; Second Am. Sentencing J. at 2.)

sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a). A prisoner has one year to file a motion to vacate his sentence, which typically begins to run on the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f).

Popa argues that his § 2255 motion is timely for several reasons, despite his failure to file the motion within one year after the Court's judgment became final.[3] First, Popa argues that the statute of limitations is non-jurisdictional and can be waived by the United States. But the United States has refused to waive the statute of limitations, rendering this argument moot. (Gov.'s Mem. Opp'n at 4, Sept. 9, 2013, Docket No. 41.)

Second, Popa argues that he raises a claim of actual innocence and is exempt from the § 2255 one-year limitation period. A showing of actual innocence can be sufficient to overcome the statute of limitations only if the petitioner "persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013) (internal quotation marks omitted). But Popa does not claim that he is actually innocent of the crimes charged; he only generally claims actual innocence of obstruction of justice. Moreover, Popa does not dispute the factual findings supporting the obstruction of justice enhancement as set forth in the Presentence Investigation Report, nor does he present any

---

[3] The Court entered its sentencing judgment on June 1, 2009 and entered amended sentencing judgments which did not alter the length of imprisonment. Popa did not directly appeal his sentence, therefore his sentence became final no later than July 9, 2009 – ten days after entry of the last amended sentencing judgment on June 29, 2009. *See* Fed. R. App. P. 4(b)(1)(A) (2008). Popa did not file his § 2255 motion until August 16, 2013 – over four years after his sentence became final.

new evidence supporting his innocence of obstruction of justice. Popa's unsupported claim of actual innocence is insufficient to overcome the one-year statute of limitations.

Third, Popa contends that his motion is timely because he filed it within one year of the Supreme Court's decision in *Alleyne*. Popa seeks to invoke 28 U.S.C. § 2255(f)(3), which provides that the one-year limitation period begins to run on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . ." In order for this provision to apply, the Supreme Court must have specifically held that a newly recognized right applies retroactively to cases on collateral review. *Tyler v. Cain*, 533 U.S. 656, 662–63 (2001). The Supreme Court did not declare that the *Alleyne* rule applies retroactively on collateral review; therefore, § 2255(f)(3) is inapplicable to Popa.

Lastly, Popa argues that the one-year statute of limitations for § 2255 motions is unconstitutional because the statute of limitations punishes him for waiting until there was legal basis to make his motion. The Court finds this argument unpersuasive because, if *Alleyne* truly provided a legal basis for Popa's motion, the motion would not be barred. But *Alleyne* provides no legal basis for Popa's motion; as discussed above, *Alleyne* has not been made retroactive to cases on collateral review, and, as discussed below, Popa's sentence remains proper under the *Alleyne* holding.

## II.     ALLEYNE v. UNITED STATES

Even if Popa's motion was not time-barred, Popa's motion is without merit because *Alleyne* is inapplicable to the Court's sentencing guideline calculation. In *Alleyne*, the Supreme Court held that a fact that increases a mandatory minimum sentence is an "element" of a crime and must be found by a jury beyond a reasonable doubt. *Alleyne*, 133 S. Ct. at 2163. *Alleyne* is inapplicable here because the challenged obstruction of justice determination did not increase a mandatory minimum sentence. The Court's increase in the offense level, based on its obstruction of justice determination, was an exercise of its "broad sentencing discretion, informed by judicial factfinding" that is expressly permitted by *Alleyne*. *Id.* Therefore, Popa's argument that he is entitled to vacate his sentence based on *Alleyne* fails.

In addition, *Alleyne* does not apply retroactively to Popa's challenge to his sentence on collateral review. New rules of criminal procedure generally do not apply retroactively unless they represent a "'watershed rule[] of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." *Schriro v. Summerlin*, 542 U.S. 348, 352 (2004) (quoting *Saffle v. Parks*, 494 U.S. 484, 495 (1990)). *Alleyne* is not a new "watershed" decision but rather an extension of the Supreme Court's earlier decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013); *In re Payne*, ___ F.3d___, 2013 WL 5200425, at *1–2 (10th Cir. Sept. 17, 2013). Therefore, *Alleyne* does not apply retroactively to Popa's sentencing.

## III. CERTIFICATE OF APPEALABILITY

Popa cannot appeal this Order without a certificate of appealability, 28 U.S.C. § 2253(c)(1)(B), and the Court cannot grant one unless Popa has made "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2); *Williams v. United States*, 452 F.3d 1009, 1014 (8th Cir. 2006). The Court finds no reason to believe that reasonable jurists would find rejection of Popa's claim as time barred and without merit to be debatable or incorrect, and therefore declines to grant a certificate of appealability.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Popa's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct a Sentence [Docket No. 39] is **DENIED.**

2. The Court does not certify for appeal under 28 U.S.C. § 2253(c)(1)(B) the issues raised in Popa's motion.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: October 24, 2013  
at Minneapolis, Minnesota.

_____s/ John R. Tunheim_____  
JOHN R. TUNHEIM  
United States District Judge